J-S04007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

v.

JULIEN V. RASPALDO

    Appellant

:
:
:
:
:
:
:
:
:
:
:

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 3182 EDA 2023

Appeal from the Judgment of Sentence Entered June 1, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005229-2019

BEFORE: OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY OLSON, J.:               **FILED MARCH 20, 2025**

Appellant, Julien V. Raspaldo, appeals from the judgment of sentence entered on June 1, 2023, following his bench trial convictions for unlawful contact with a minor – open lewdness, corruption of minors, indecent exposure, simple assault, open lewdness, endangering the welfare of a child, indecent assault without consent, and indecent assault – person less than 16 years of age.[1] We affirm.

The trial court summarized the facts of this case as follows:

The victim in this case, [a female] (hereinafter "Victim") was born on May 4, 2003, and ranged from ages 13 to 16 during the relevant time. Meanwhile, Appellant was born October 6, 199[1], and ranged from ages 26 to 29 during the same period. Appellant

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6318(a)(2), 6301(a)(1)(ii), 3127(a), 2701(a), 5901, 4304(a)(1), 3126(a)(1), and 3126(a)(8). The trial court found Appellant not guilty of harassment and two counts of indecent assault.

is [] Victim's uncle. Appellant lived with [] Victim's grandparents, where Victim visited on a regular basis as she lived across the street.

During the trial, [] Victim recounted a series of actions that Appellant took against her [over the course of years]. One time when she slept over at her grandmother's house she woke up and Appellant was sitting on the bed where [she] was sleeping and he had pulled down her blanket. She explained that Appellant had his hands in his pants and he was masturbating. On another occasion, [] Victim was playing a video game with Appellant when he walked in front of [her] and exposed his penis to [her]. In this instance, Appellant's penis was erect and he was jiggling it around in front of [her] face.

[] Appellant's actions toward [] Victim included both physical and overtly sexual behavior. [] Victim explained that [] Appellant smacked [her] butt[ocks] more than one time. [] Appellant [] grope[d] Victim's breasts [] five or six times. [] Victim explained that [] Appellant would use his fingers [to touch her] areola or he would squeeze [her] breast on the outside of [her] bra. One time he additionally pushed up against [] Victim with his penis pressed up against her butt[ocks]. Similarly, Appellant once pressed his penis against Victim's back on an occasion when he was helping [her] with schoolwork. [] Victim did not consent to any of the times that [] Appellant inappropriately touched her/and or approached the minor child victim. More specifically, [] Appellant said inappropriate words like "sexagon" while [] Victim was doing schoolwork and [used] similarly sexually charged words complimenting [] Victim's appearance [and] would tell [] Victim that her breasts were "nice" or "big." On one occasion, while in a parked car together [with] Victim, [] Appellant start[ed] watching pornography on his [cellular tele]phone while touching his penis.

Trial Court Opinion, 2/28/2024, at 2-3 (record citations and some quotations omitted).

Following a bench trial on April 4, 2023, the trial court found Appellant guilty of the aforementioned crimes. On June 1, 2023, the trial court imposed an aggregate sentence of three to six years of incarceration followed by nine

years of probation. More specifically, the trial court sentenced Appellant to three to six years of incarceration followed by one year of probation for unlawful contact with a minor. The trial court further sentenced Appellant to consecutive sentences of five years of probation for corruption of a minor and three years of probation for endangering the welfare of a child.[2] Appellant filed a timely post-sentence motion on June 1, 2023, which was denied by operation of law by order entered on December 6, 2023. This timely appeal resulted.[3]

On appeal, Appellant presents the following issues for our review:

---

[2] The sentences for the five remaining misdemeanor convictions merged. Moreover, we note that Appellant was also determined to be a sexually violent predator and ordered to register as a tier II offender for a period of 25 years. **See** N.T., 6/1/2023, at 83-86; **see also** 42 Pa.C.S.A. § 9799.15(a)(2). Appellant does not challenge those determinations on appeal.

[3] Appellant's post-sentence motion should have been deemed denied on September 29, 2023, 120 days after it was filed. **See** Pa.R.Crim.P. 720(B)(3)(a) and (B)(3)(c) ("[T]he judge shall decide the post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion or the motion shall be deemed denied by operation of law" and the clerk of courts is directed "to enter an order on behalf of the court."); **see also Commonwealth v. Braykovch**, 664 A.2d 133 (Pa. Super. 1995) (a court breakdown occurs when the trial court clerk fails to enter an order deeming post-sentence motions denied by operation of law). Thereafter, on December 5, 2023, Appellant filed a premature, counseled notice of appeal which was made timely by the entry of an order on December 6, 2023 that denied Appellant's post-sentence motion. **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."). On December 11, 2023, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on January 1, 2024. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on February 28, 2024.

A. Was the evidence insufficient to support [Appellant's] conviction[s] on all counts?

B. [Were Appellant's] convictions [] against the weight of the evidence?

C. Did the [trial] court abuse its discretion and violate the Sentencing Code by sentencing [A]ppellant to a manifestly excessive sentence, where this sentence far surpassed what was required to protect the public and account [for A]ppellant's demonstration of remorse, his rehabilitate needs, mitigating circumstances, and the sentencing guidelines?

Appellant's Brief at 3-4.

In his first issue presented, Appellant argues that the evidence presented at trial was insufficient to support all of his convictions. *Id.* at 11-13. Appellant argues that Victim's testimony was inconsistent, unreliable, and uncorroborated and that she failed to make a prompt complaint, thus raising issues pertaining to her credibility. *Id.* at 7-8. In contrast, Appellant posits that he provided unrefuted evidence of his good character, and he testified at trial and denied the allegations. *Id.* at 8. As such, Appellant asserts that "the trial court relied solely on the inconsistent and unreliable testimony and allegations of [Victim] over the testimony of [Appellant] and [Appellant's] reputation for good character." *Id.* at 11.

Initially, we note that Appellant failed to preserve his sufficiency claim because he did not specify the crimes or the elements of the crimes upon which the evidence was allegedly insufficient within his Rule 1925(b) statement, and, thus, we find the issue waived. *See Commonwealth v. Tyack*, 128 A.3d 254, 260 (Pa. Super. 2015) (citation omitted) (Rule 1925(b)

statement failed to "specify the element or elements upon which the evidence was insufficient" to support Tyack's conviction and his sufficiency of the evidence claim was waived on appeal).

Regardless, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact[-]finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth [need] not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Anderson*, 299 A.3d 894 (Pa. Super. 2023) (citation omitted). Alleged variances in testimony go to the credibility of the witnesses and not the sufficiency of the evidence. *See Commonwealth v. Johnson,* 180 A.3d 474, 478 (Pa. Super. 2018). "It is well-settled that even the uncorroborated testimony of a single witness may alone be sufficient to convict a defendant." *Commonwealth v. Gilliam*, 249 A.3d 257, 268 (Pa. Super. 2021) (internal quotation and citation omitted).

In this case, regarding sufficiency, the trial court determined:

- 5 -

> Over a period of spanning three years, Appellant smacked [] Victim on the butt, groped her breasts, made statements of a sexual nature towards her, put his erect penis against her, jiggled his penis in front of her face, watched pornography in Victim's presence, and masturbated in front of her, all without her consent and while she was a minor and [] Appellant was approximately 13 years older than her. The trial court fully believed [] Victim and, accordingly, the record fully supports all three of the [felony convictions] and all five of the misdemeanors [for] which [] Appellant was found guilty.

Trial Court Opinion, 2/28/2024, at 8.

Upon review, we discern no error or abuse of discretion in the trial court's ruling on Appellant's sufficiency argument. At trial, Victim testified that, over the course of years, Appellant smacked her buttocks, groped her breasts, made sexually suggestive comments, put his erect penis against her back and in front of her face, and masturbated while watching pornography in her presence. The trial court was free to determine Victim's credibility, variances in her testimony, and to believe all, part, or none of the evidence presented. Here, the trial court "fully" believed Victim and we will not usurp that determination. Moreover, we summarily reject Appellant's suggestion that Victim's testimony required corroboration. **See Gilliam**. Finally, there is no dispute that Victim was a minor at the time of the crimes and that Appellant is 13 years older than her. Upon our review, the Commonwealth introduced sufficient evidence to support Appellant's convictions. As such, despite waiving the issue for lack of specificity, Appellant's challenge to the sufficiency of the evidence lacks merit.

Next, Appellant argues that the verdict was against the weight of the evidence presented at trial. Appellant's Brief at 13-20. Appellant's weight argument largely mirrors his sufficiency claim. More specifically, Appellant argues that "evidence of [his] good character and his testimony" as presented at trial "should be weighed … against all other evidence." *Id.* at 14. Appellant again argues that Victim's testimony was inconsistent and unreliable, there was no corroborative evidence presented, and Victim failed to make a prompt complaint. *Id.* at 14-20.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice. This does not mean that the exercise of discretion by the trial court in granting or denying a motion for a new trial based on a challenge to the weight of the evidence is unfettered.
>
> In describing the limits of a trial court's discretion, we have explained:
>
>> The term "discretion" imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed

to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

**Commonwealth v. Soto,** 202 A.3d 80, 97 (Pa. Super. 2018) (citation omitted). "[W]e may not [re-]weigh the evidence and substitute our judgment for the fact-finder." **Id.** at 93 (citation omitted). "For an appellant to prevail on a challenge to the weight of evidence, he must establish that the evidence was so tenuous, vague, and uncertain that the verdict shocks the conscience of the court." **Gilliam**, 249 A.3d at 269–270 (internal quotation and citation omitted).

Here, the trial court determined that when viewing the totality of the evidence presented, "there [was] nothing about Appellant's convictions that should shock any reasonable person's sense of justice." Trial Court Opinion, 2/28/2024, at 8. Upon our review of the record and applicable law, we agree with the conclusion that the verdict did not shock the conscious of the court so as to warrant relief on Appellant's weight of the evidence claim. As previously stated, the trial court was free to believe all, part, or none of the evidence to determine Victim's credibility and variances in her testimony. Appellant has not established that the evidence was so shockingly tenuous, vague, and/or uncertain and we simply may not reweigh the evidence or substitute our judgment for the trial court. Based upon the facts of record, we discern no abuse of discretion or error of law by the trial court in denying

Appellant's weight claim. For all of the foregoing reasons, Appellant is not entitled to relief on his second issue.

Next, Appellant challenges the discretionary aspects of sentencing, arguing that "[t]his matter should be remanded for [re]sentencing because the [trial] court's consecutive sentences [were] manifestly excessive and inconsistent with protecting the public, the rehabilitative needs of [Appellant], and the sentence disproportionately punishe[d]" him. Appellant's Brief at 12. Appellant asserts that the trial court erred by "impos[ing] consecutive sentences above the guidelines on the three (3) lead felonies[.]" *Id.* at 21 (footnote omitted). Appellant contends that the trial court also failed to consider his need and amenability to rehabilitation or "unrefuted" evidence of his "good character." *Id.* at 23. As such, Appellant argues he received an excessive sentence, and he is entitled to resentencing. *Id.*

Appellant's claim challenges the discretionary aspects of his sentence. *See Commonwealth v. Lee*, 876 A.2d 408 (Pa. Super. 2005) (claim that the trial court erred in imposing an excessive sentence is a challenge to the discretionary aspects of a sentence); *see also Commonwealth v. Gonzalez–Dejusus*, 994 A.2d 595 (Pa. Super. 2010) (claim that the trial court erred in imposing consecutive sentences is a challenge to the discretionary aspects of a sentence). With respect to our standard of review, we have held that "sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super.

2001). Moreover, pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

> This Court has previously explained:
>
> It is well-settled that "the right to appeal a discretionary aspect of sentence is not absolute." *Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011). Rather, where an appellant challenges the discretionary aspects of a sentence, we should regard his[, or her,] appeal as a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 162 (Pa. Super. 2007). As we stated in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):
>
> An appellant challenging the discretionary aspects of his[, or her,] sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether appellant [ ] filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> [*Moury*, 992 A.2d] at 170 [(citation omitted)]. We evaluate on a case-by-case basis whether a particular issue constitutes a substantial question about the appropriateness of sentence. *Commonwealth v. Kenner*, 784 A.2d 808, 811 (Pa. Super. 2001).

*Commonwealth v. Hill*, 210 A.3d 1104, 1116 (Pa. Super. 2019) (original brackets omitted).

Here, Appellant complied with the first three requirements as set forth above. Appellant also raises a substantial question. This Court previously determined that "an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors – raises a substantial question." *Commonwealth v. Swope*, 123 A.3d 333, 339 (Pa. Super. 2015), *citing* *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014); *see also Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (same). As such, we will review Appellant's sentencing claim.

We adhere to the following standards:

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Cook*, 941 A.2d 7, 11–12 (Pa. Super. 2007) (internal citations and quotations omitted).

Pursuant to statute,

> the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to

- 11 -

the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.... In every case in which the court imposes a sentence for a felony or misdemeanor ... the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S.A. § 9721(b).

Moreover, we have held:

[i]n imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation.

*Commonwealth v. Fowler*, 893 A.2d 758, 767-768 (Pa. Super. 2006) (internal citation omitted).

Finally, we note that "long standing precedent ... recognizes that [the Sentencing Code] affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Commonwealth v. Brown*, 249 A.3d 1206, 1212 (Pa. Super. 2021) (internal citation omitted); *see also* 42 Pa.C.S.A. § 9721(a). "Defendants convicted of multiple offenses are not entitled to a 'volume discount' on their aggregate sentence." *Commonwealth v. Pisarchuk*, 306 A.3d 872, 881 (Pa. Super. 2023) (citation omitted). "Further, we will not disturb consecutive sentences unless the aggregate sentence is grossly disparate to the defendant's conduct, or viscerally appears as patently unreasonable." *Id.* (citation omitted).

Upon our review of applicable law and the sentencing transcript in this matter, we discern no trial court abuse of discretion. Here, the trial court was aware of Appellant's prior record score of zero, as well as the sentencing guidelines. N.T., 6/1/2023, at 23. The sentencing guidelines recommended three-to-12-month sentences, plus or minus six months, for each of the three felonies for which Appellant was convicted - unlawful contact, corruption of minors, and endangering the welfare of a child.[4] *Id.* Moreover, prior to sentencing, the trial court heard victim impact testimony from several family members and Victim. Trial Court Opinion, 2/28/2024, at 8 ("The sentencing court heard multiple impact statements asking for a lengthy term of incarceration and had to deal with the unusually disruptive behavior of [] Appellant throughout the sentencing hearing."). The trial court found that Appellant's "complete and total lack of remorse" was an "aggravating factor" for the sentence imposed. N.T., 6/1/2023, at 76; *see also* Trial Court Opinion, 2/28/2024, at 8 (in its subsequent opinion, the trial court noted the following aggravating factors, "Appellant's complete lack of even the slightest remorse, the court's concern with the safety of the community, the level of harm done to [] Victim and her family, and the need for long-term monitoring[.]"). Accordingly, we conclude that the trial court placed its

_____

[4] Each felony carried a statutory maximum sentence of seven years of incarceration. *See* 18 Pa.C.S.A. § 1103(3) (maximum sentence for a felony of the third degree is seven years). Here, the aggregate sentence of imprisonment is six years, under the statutory aggregate maximum of 21 years and, therefore, legal.

reasons on the record for the sentence imposed, after considering the gravity and particular circumstances of the offenses, the protection of the public, and Appellant's character and rehabilitative needs. The trial court ultimately sentenced Appellant to incarceration on one of the felonies, with consecutive probationary sentences for the other two. N.T., 6/1/2023, at 80-82. The trial court later acknowledged, "this sentence" had the same effect as sentencing "Appellant on each of the third-degree felonies to consecutive periods of one to two years of incarceration followed by three years of reporting probation." Trial Court Opinion, 2/28/2024, at 9. We agree with this assessment. Finally, we will not disturb the consecutive nature of the penalties imposed because the aggregate is not grossly disparate to Appellant's conduct spanning over the course of years, does not viscerally appear as patently unreasonable, and Appellant is not entitled to a volume discount. For all of the foregoing reasons, Appellant is not entitled to relief on his sentencing claim.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/20/2025